IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:10cr66

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| (1) RAYMOND DANGELO ALLEN and | ) | |
| (2) REGGIE LAMONT BATTLE. | ) | |

**THIS MATTER** is before the Court on Defendant Reggie Lamont Battle's Motion to Continue [Doc. 194] and Defendant Raymond Dangelo Allen's Second Motion for Severance [Doc. 193]. The Court held a hearing on Defendant Allen's severance motion on May 4, 2011.

On October 5, 2010, the Defendants Raymond Dangelo Allen (Allen) and Reggie Lamont Battle (Battle) were charged along with nine co-defendants in a bill of indictment with conspiracy to possess with intent to distribute a quantity of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Battle also was charged with use of a communication facility in furtherance of that conspiracy, in violation of 21 U.S.C. § 843(b). [Doc. 1].

Allen made his initial appearance on October 13, 2010, at which time counsel was appointed. On October 15, 2010, he appeared for an

arraignment, and his case was placed on the November 1, 2010 calendar for trial. On October 15, 2010, Allen moved to continue the trial. [Doc. 18]. The Court granted this motion on October 19, 2010 and reset the case for the January 3, 2011 trial term. [Doc. 20].

On October 21, 2010, co-defendants Boyce, Ledbetter, Forney, Twitty, Walker, Wilkerson, and Young made their initial appearances. Boyce, Forney, Twitty, Walker, Wilkerson, and Young were arraigned on October 26, 2010, and their cases were placed on the November 1, 2010 calendar for trial. [Docs. 37, 40, 44, 46, 48, 50]. Forney and Wilkerson each moved to continue the trial date. [Docs. 52, 55]. The Court granted these motions [Docs. 66, 68] and reset their cases for the January 3, 2011 trial term, thereby joining them for trial with Allen. On October 26, 2010, Boyce, Young and Twitty also moved to continue. [Docs. 62, 63, 64]. Later that same day, the Court, acting *sua sponte*, reset Boyce, Young, Twitty and Walker for the January trial term, thereby rendering the pending motions moot and joining them for trial with Allen, Forney and Wilkerson. [Doc. 65]. Ledbetter was arraigned on October 28, 2010, and his case was placed on the January trial term as well. [Doc. 74].

Co-defendants Daniels and Carson were arrested in the interim. Daniels made his initial appearance on October 27, 2010, while Carson

made his initial appearance on November 16, 2010. Both Carson and Daniels were placed on the January 3, 2011 calendar for trial along with their co-defendants. [Docs. 78, 99].

As the January trial date drew near, co-defendants Twitty, Ledbetter, and Wilkerson moved to continue the case from the January calendar. [See Docs. 109, 112, 119]. The Court granted the motions on December 14, 2010 and reset these defendants for trial during the February 28, 2011 trial term. [Doc. 121]. That same day, the Court, acting *sua sponte*, reset Allen, Boyce, Carson, Daniels, Forney, Walker and Young for the February trial term, thereby joining them for trial with Twitty, Ledbetter and Wilkerson. [Doc. 120].

Battle was the last of the indicted defendants to be arrested. He made his initial appearance on January 31, 2011, and was arraigned on February 2, 2011, at which time his case was set for trial during the February trial term. Battle immediately moved to continue his case. [Doc. 139]. The Government filed its response, stating that it had no objection to the pending motion and requesting that if the Court granted the pending motion that it also continue the trial all of the other remaining defendants, including Allen. [Doc. 141].

3

On February 8, 2011, Allen filed a motion to sever his trial from the trial of his co-defendants. [Doc. 142]. On February 9, 2011, the Court granted Battle's motion to continue and reset his trial for May 9, 2011. [Doc. 145]. In that same Order, the Court also continued the cases of Allen, Boyce, Carson, Daniels, Forney, Ledbetter, Twitty, Walker and Young, thereby joining them for trial with Battle. [Id.]. The Court denied Allen's motion to sever on February 14, 2011. [Doc. 151].

During the pendency of this action, nine of the defendants charged in the indictment have pled guilty. Only Allen and Battle remain on the May trial calendar.

On April 14, 2011, Battle moved for a continuance of the trial date, which was denied without prejudice. [Doc. 180]. On April 18, 2011, Battle renewed his motion to continue, which again was denied without prejudice. [Doc. 188]. His deadline for the filing of a plea agreement was extended, however, to May 2, 2011. [Id.].

On May 2, 2011, Battle renewed his motion for a continuance for a third time. For grounds, counsel states that she only recently received some additional discovery from the Government and expects to receive more in the near future. Based on her evaluation of the discovery received so far, counsel states that she needs additional time to prepare a defense.

4

Counsel further states that she is scheduled to begin a first degree murder trial in state court on May 16, 2011, and that due to the time required to prepare for that trial, she will not have sufficient time to secure witnesses and prepare an adequate defense for Battle. Counsel further states that the Government disclosed an expert witness on April 29, 2011, and that additional time is required to evaluate and consult with an expert witness for the defense. Finally, Counsel represents that the Government does not oppose the requested continuance. [Doc. 194].

Allen opposes any continuance of the trial date and renews his motion to sever his trial from Battle. [Doc. 193]. The Government opposes Allen's request for severance and asks the Court to continue Allen's case as well. [Doc. 195].

The Court finds that Battle's case should be continued. If the requested continuance were not granted, Battle's counsel would not have an adequate opportunity to prepare for his trial. The Court therefore finds that a failure to continue the case "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

For the reasons stated in the Court's prior Order [Doc. 151], Allen's motion for severance [Doc. 193] is denied. As no severance has been

granted, the continuance of Battle's case justifies the continuance of Allen's case as well. See 18 U.S.C. § 3161(h)(6).

For the reasons stated herein, the ends of justice served by the granting of the continuance outweigh the best interests of the public and the Defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Accordingly, **IT IS, THEREFORE, ORDERED** that Defendant Reggie Lamont Battle's Motion to Continue [Doc. 194] is **GRANTED**, and his case is **CONTINUED** from the May 9, 2011 term in the Asheville Division.

**IT IS FURTHER ORDERED** that Defendant Raymond Dangelo Allen's Second Motion for Severance [Doc. 193] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Allen's case is **CONTINUED** from the May 9, 2011 term in the Asheville Division.

**IT IS SO ORDERED.**

Signed: May 6, 2011

Martin Reidinger
United States District Judge