# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:10-cr-00066-MR-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| REGGIE LAMONT BATTLE, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court upon the Defendant's Motion to Terminate Supervised Release [Doc. 463].

On June 16, 2011, the Defendant pleaded guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The Defendant was sentenced on January 19, 2012, to a term of 120 months of imprisonment, followed by five (5) years of supervised release. [Doc. 329]. On March 26, 2012, the Fourth Circuit Court of Appeals remanded this case for resentencing. [Doc. 362]. The Defendant was resentenced on November 20, 2012, to a term of 63 months' imprisonment, with all other terms and conditions of the prior judgment remaining in full force and effect. [Doc. 392].

The Defendant was release from imprisonment and began serving his term of supervised release in October 2014. He now moves the Court to exercise its discretion and terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). [Doc. 463].

In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In the present case, the Defendant has completed approximately 31 months of his five-year term of supervised release (i.e. just barely over half the term). While the Defendant's compliance with the terms and conditions of supervised release to date is commendable, Defendant has not stated any grounds on which the interests of justice would be served by the termination of supervision. Therefore, the Court is not satisfied that termination is warranted under the circumstances at this time. Accordingly, the Court declines to exercise its discretion to terminate the Defendant's term of supervised release.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Terminate Supervised Release [Doc. 463] is **DENIED**. The

Defendant's term of supervised release shall continue as originally sentenced.

The Clerk is directed to serve a copy of this Order on counsel for the Defendant, counsel for the Government, and the United States Probation Office.

**IT IS SO ORDERED.**

Signed: May 4, 2017

Martin Reidinger
United States District Judge